UNITED STATES DISTRICT COURT
OF THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **KRISTIE MARIE SCHLIFKE,** | ) | C. A. No.: |
| | ) | |
| Plaintiff, | ) | COMPLAINT FOR VIOLATIONS |
| | ) | OF 42 U.S.C. §2000 et. seq. Civil |
| v. | ) | Rights Violation; 19 Del. C. §710 et. |
| | ) | seq. Delaware Civil Rights COCONUTS |
| **MUSIC AND MOVIES** | ) | Violation; Family Medical Leave |
| **AND TRANS WORLD** | ) | Act of 1993; Pregnancy |
| **ENTERTAINMENT CORPPORATION,** | ) | Discrimination Act |
| | ) | |
| Defendants. | ) | JURY CASE DEMANDED |

## COMPLAINT

## INTRODUCTION

## PRELIMINARY STATEMENT

1. Plaintiff Schlifke alleges Defendants Coconuts Music and Movies and Trans World Entertainment Corporation engaged in sexual discrimination, employment discrimination, and violated the Family and Medical Leave Act, through their use of subjective and arbitrary decision making against Schlifke [1] not providing adequate staffing in its Delaware based store; [2] failing to provide adequate security in its Delaware based store; [3] holding Schlifke accountable for losses in its Delaware based store, when such losses were a result of theft and robbery; [4] requiring Schlifke to disregard her physician's orders and cover employee shortages at the Delaware based store; [5] terminating Schlifke for reasons beyond her control.

2. This action seeks back pay, front pay and compensatory and punitive damages for Schlifke.

3. Notwithstanding the theft issue, Defendants summarily discharged Plaintiff pretexterally

based on her gender and her pregnancy.

## PARTIES

4. The Plaintiff, Kristie Marie Schlifke is a natural person residing at 2620 Washington Avenue, Claymont, New Castle County, Delaware 19703.

5. Coconuts Music and Movies, is a subsidiary of Trans World Entertainment Corporation, with a local business at 3229-C Kirkwood Highway, Wilmington, New Castle County, Delaware 19808-6129.

6. On information and belief, Trans World Entertainment Corporation, hereinafter referred to as "TWEC," is a corporation with its principal place of business at 38 Corporate Circle, Albany, New York 12203-5121.

## JURISDCITION AND VENUE

7. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 in that this civil action arises under the laws of the United States; Title VII of the Civil Rights Act of 1964, the Pregnancy Discrimination Act of 1978, the Family and Medical Leave Act of 1993 and pendent state and tort claims.

8. Venue is proper in this district pursuant to 28 U.S.C. §1391.

## FACTS

9. Plaintiff began working for Defendants on March 11, 2002 as the store manager at its Wilmington, Delaware location.

10. In October of 2002, Plaintiff became pregnant and advised her district manager.

11. On January 8th and 9th, 2003, Plaintiff's doctor excused her from work and put her on bed rest due to complications from her pregnancy and the stress of her employment.

12. Despite the doctor's prescription of bed rest, on January 9, 2003, Plaintiff was called into work because her assistant had been terminated and the store needed a manager present at closing time.

13. In fact, the store was never properly staffed to include sufficient number of employees and security personnel. Additionally, there were insufficient security measures in place.

14. The store routinely was subject to thefts and at one point two (2) robberies.

15. Despite Plaintiff's pleas for additional staff and security, none were provided.

16. Plaintiff even expended personal funds for security measures by installing security mirrors.

17. Defendant placed Plaintiff on a personal action plan because of inventory shrinkage. A reevaluation was to be conducted, however, none was done.

18. An inventory was conducted on February 4, 2003 and the preliminary review of that was posted about three (3) weeks later.

19. On Friday, May 2, 2003, at or about 1:15 p.m., Schlifke called the district manager, Robert Burke to notify him that she began to dilate and her obstetrician wanted her maternity leave to begin the following Wednesday, May 7, 2003. Robert Burke told her the earlier leave was no problem and he would ascertain coverage. At 3:00 p.m. on that same day, Robert Burke called Stephanie Heath and offered her a raise to return Monday, May 5, 2003 to fill Schlifke's position.

20. On Monday, May 5, 2003, Plaintiff, who was thirty-five (35) weeks pregnant and on the eve of her maternity leave, was terminated for the inventory shrinkage which occurred on February 4, 2003.

21. Defendant cited that Plaintiff was terminated for having three (3) inventory shrinkage

incidents when in fact she only had two (2).

22. Similarly situated male managers with inventory shrinkage more egregious than Plaintiff's have not been terminated.

## COUNT I

## CIVIL RIGHTS VIOLATION OF 42 U.S.C. §2000 et. seq.

23. Paragraphs 1 through 22 are repeated and incorporated herein by reference.

24. Defendants discriminated against Plaintiff in violation of 42 U.S.C. §2000 et. seq. as follows:

   a. Defendants discharged Plaintiff for purported errors which male counterparts in the same or the substantially similar positions and circumstances were neither disciplined nor discharged.

   b. Defendants' disparate treatment of Plaintiff was willful with reckless indifference to Plaintiff's civil rights.

## COUNT II

## DELAWARE CIVIL RIGHTS ACT

25. Paragraphs 1 through 24 are repeated and incorporated herein by reference.

26. Defendants discriminated against Plaintiff in violation of 19 Del. C. §710 et. seq. as follows:

   a. Defendants discharged Plaintiff for purported errors which male counterparts in the same or the substantially similar positions and circumstances were neither disciplined nor discharged.

   b. Defendants' disparate treatment of Plaintiff was willful with reckless indifference to Plaintiff's civil rights.

## COUNT III

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

27. Paragraphs 1 through 26 are repeated and incorporated herein by reference.

28. Defendants' disparate treatment of Plaintiff and retaliation for Plaintiff's attempted exercise of FMLA Rights caused Plaintiff to suffer severe emotional distress. Plaintiff was unable to resume her employment with Defendant and thereafter was hindered in her ability to seek gainful employment by Defendants' actions.

## COUNT IV

### FAMILY MEDICAL LEAVE ACT OF 1993

29. Paragraphs 1 through 27 are repeated and incorporated herein by reference.

30. Defendants willfully interfered with Plaintiff's FMLA Rights. Defendants knew that Plaintiff was about to exercise her FMLA right and interfered with those rights by discharging her as a pretext in retaliation for her attempt to exercise those rights.

## COUNT V

### PREGNANCY DISCRIMINATION ACT

31. Paragraphs 1 through 29 are repeated and incorporated herein by reference.

32. Defendants willfully violated the Pregnancy Discrimination Act by discharging Plaintiff as a pretext for interfering with her exercise of her rights under the Pregnancy Discrimination Act.

**WHEREFORE,** Plaintiff prays that this Honorable Court enter a judgment against Defendants, jointly and severally, for compensatory damages, special damages, attorney's fees, costs and such other relief as this Court deems fair and just.

LONGOBARDI LAW OFFICE

BY: <u>"/s/Joseph J. Longobardi, III"   2231</u>
    **JOSEPH J. LONGOBARDI, III**
    I.D. No.: 2231
    1303 Delaware Avenue
    The Plaza, Suite 105
    Wilmington, DE 19806
    (302) 575-1502
    **Attorney for Plaintiff**

Dated: August 23, 2005