UNITED STATES DISTRICT COURT
OF THE DISTRICT OF DELAWARE

| | |
|---|---|
| KRISTIE MARIE SCHLIFKE ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ) <br> COCONUTS MUSIC AND MOVIES ) <br> AND TRANS WORLD ) <br> ENTERTAINMENT CORPORATION,) <br> ) <br> Defendant. ) <br> ) | C.A. No. 1:05-cv-00620-SLR |

**REPLY BRIEF IN OPPOSITION OF DEFENDANT TRANS WORLD ENTERTAINMENT CORPORATIONS'S MOTION FOR SUMMARY JUDGMENT**

Joseph J. Longobardi (Bar I.D. #2231)
LONGOBARDI LAW OFFICE
1303 Delaware Avenue
Suite 105
Wilmington, DE 19806
(302) 575-1502- Telephone
(302) 575-1506- Facsimile
longobardilaw@comcast.net – Email

*Attorney for Plaintiff, Kristie Marie Schlifke*

Dated: July 12, 2006

## TABLE OF CONTENTS

| | Page |
|---|---|
| TABLE OF AUTHORITIES | ii |
| NATURE AND STAGE OF THE PROCEEDING | 1 |
| SUMMARY OF ARGUMENT | 2 |
| STATEMENT OF FACTS | 3 |
| ARGUMENT | 7 |
| CONCLUSION | 10 |

# TABLE OF AUTHORITIES

## CASES

*McDonnell Douglas Corp v. Green.* 411 U.S. 792 (1973)..................................7

*Fuentes v. Perskie,* 32 F.3d 759 (3d Cir. 1994)..........................................8

## **NATURE AND STAGE OF THE PROCEEDING**

This is an employment discrimination case brought by Plaintiff, Kristie Marie Schlifke against her former employer, Trans World Entertainment Corporation. Plaintiff was hired by Trans World on March 11, 2002 and terminated on May 5, 2003.

Plaintiff claims that she was discriminated against in violation of Title VII, the Pregnancy Discrimination Act and the Delaware Discrimination in Employment Act based on her sex and pregnancy and that she had been retaliated against for exercising her rights under the Family Medical Leave Act.

Trans World has moved this Court to enter Summary Judgment in its favor and this is Plaintiff's reply brief.

## SUMMARY OF ARGUMENT

Summary judgment is inappropriate in this case because Plaintiff has established a genuine issue of material fact and a reasonable fact-finder could infer that Trans World's asserted, legitimate, non-discriminatory reasons for termination are pretextual.

## STATEMENT OF FACTS

Plaintiff was hired by Trans World Entertainment on March 11, 2002 as Store Manager for its Coconuts Store #1584 in Wilmington, Delaware. At that time, store #1584 was a target store; one which is placed into a program which puts it under greater scrutiny since it did not meet goals preventing lost inventory (A86). Ms. Schlifke knew immediately that the store had issues of inventory loss both internally and externally. She repeatedly requested better security measures and more staffing because of the thefts. The store was in the Prices Corner area and was subjected to many snatch and grab thefts. There was an alley directly next to the store to which the shoplifters would escape. The store was robbed at gunpoint on two occasions and burglarized (B1-4).

In October of 2002, Plaintiff notified her immediate supervisor, Mr. Burke, that she was pregnant (B5). The store continued to be understaffed. Ms. Schlifke was put on work restrictions by her doctor of no more than 40 hours a week. She notified Mr. Burke of this. Ms. Schlifke continued to work 50 to 60 hours per week, however, because of the understaffing (B6). Finally, in the first week of January of 2003, her doctor put her on bed rest for 2 days (B7, 8). A disability certificate was forwarded to Mr. Burke and Human Resources. Despite the bed rest restriction, Mr. Burke called her to work on January 8, 2003 and required her to close the store. He embarrassed and scolded her in front of the staff (B9). At the end of January of 2003, the store was robbed at gunpoint twice and burglarized (B10, 11, 3). On February 4, 2003, the second inventory was conducted after the robberies and burglaries (B12). On February 28, 2003, security guards were installed at the store (B13). In April of 2003, she learned that her job was posted on Monster.com. Another employee of Trans World informed her that they had

planned on getting rid of her before she had her baby (B14). She was told by another employee that they will not let you go out on maternity leave, meaning management (B15). She had discussed with Mr. Burke when her maternity leave would be starting and how long she would be out so he could take steps to ensure that there was coverage of the store (B16). Originally, she had not planned to leave for maternity leave until June 2, 2003 (B17). On May 1, 2003, a Thursday afternoon, Plaintiff informed her District Manager, Mr. Burke, that she was having complications with her pregnancy and only had three more days of work before she would go on maternity leave. Monday morning, May 5, 2003, Plaintiff was terminated. Cobra benefits were never extended (B18, 19).

Additionally, Plaintiff filed her charge of discrimination with the Delaware Department of Labor on July 31, 2003. This was less than ninety days from her termination. It is important to note that despite this notice of potential litigation what the Defendant have not or has not produced. Defendant has not produced any documentation that it offered Cobra benefits to Ms. Schlifke as required by law. (B20-25).

Plaintiff also requested that Defendant provide shrinkage reports for inventory for all stores within Region 6 District 1 for the years 2001-2004; the region and district in which Ms. Schlifke's store was located. Although Defendant objected to this request as overbroad, Defendant stated it would produce the shrinkage reports for 2002 and 2003. Perhaps in the number of documents undersigned counsel was provided, I do not recognize the appearance of shrinkage reports. However, I do not believe they were produced. Plaintiff requested all e-mail or other forms of electronic communications to and from Plaintiff to any employee of the Defendant from date of hire to date of termination and Defendant produced one e-mail from Ms. Schlifke regarding the

initiation of security for the store on February 28, 2003 after being robbed at gunpoint two times, burglarized and numerous snatch and grabs. This is despite weekly e-mail reports were expected from store managers to district managers and corporate headquarters. Plaintiff requested a copy of all payroll reports during Ms. Schlifke's tenure for the Prices Corner store. Plaintiff requested all termination documents for all employees of the Prices Corner store from Plaintiff's date of hire to date of termination and despite Defendant's objection, Defendant produced a roster of store employees and dates of hire and reasons for termination. Interestingly, from mid-January until mid-March, there was only one assistant manager on staff. From mid-March until Ms. Schlifke's termination date, there were two assistant managers; however, one is listed as Stephanie Heath, who we know was not working at the store at the time of Ms. Schlifke's termination since she was hired to replace her. Plaintiff requested copies of the target store binders for the Prices Corner store for the years 2001 through 2004, the loss prevention binders, the human resources binders, the sales and cash receipt binders, the weekly known theft reports, the weekly incident reports and the incident report binder. The Defendant said that no responsive documents exist (B20-25). Plaintiff requested that Defendant provide copies of all termination documents from any other store manager for shrinkage problems in Region 6 District 1 from 2001 through 2004. Despite Defendant's objection, Defendant responded that with respect to the period 2002 through 2003, no other store manager was terminated in the region for shrinkage problems. This is in direct contradiction to Deb Markowitz-Best's affidavit in which she states that in the year prior to Plaintiff's discharge, Trans World terminated a male manager in Burke's district for poor shrink results (A89). Plaintiff requested Defendant provide copies of all

5

electronic communications or documents regarding the posting, publishing or any other forms of employment opportunities for the Prices Corner store for the years 2002 and 2003 from Plaintiff's date of hire to her date of termination. Defendant responded that there were no responsive documents. Again, this is despite the Monster.com ad for that position which was posted shortly before Plaintiff's termination (B26). Finally, Plaintiff requested Defendant provide all e-mails or other communications between any employee of Defendant regarding Plaintiff and other than the e-mails already produced. Defendant said no further documents exist.

      The Defendant's production of documents, or the lack thereof, show that the store was continually understaffed during Ms. Schlifke's tenure. The production shows that the company cannot verify that they offered Cobra benefits to Ms. Schlifke. The documents also reflect that no security measures were taken until after the store was repeatedly vandalized, burglarized and robbed at gunpoint twice. The document production or lack thereof, even in the face of anticipated litigation, can lead to the inference that the Defendant purposefully did not retain or intentionally destroyed documents which would be adverse to their interests. Without these documents, Plaintiff is precluded from objectively assessing the subjective reports of her superiors which led to her termination.

## ARGUMENT

I. **SUMMARY JUDGMENT IS INAPPROPRIATE IN THIS CASE BECAUSE PLAINTIFF HAS ESTABLISHED A GENUINE ISSUE OF MATERIAL FACT AND A REASONABLE FACT-FINDER COULD INFER THAT TRANS WORLD'S ASSERTED, LEGITIMATE, NON-DISCRIMINATORY REASONS FOR TERMINATION ARE PRETEXTUAL.**

Plaintiff's claims are governed by the framework established in **McDonnell Douglas Corp v. Green**, 411 U.S. 792 (1973). In order to establish her claim, Plaintiff must establish a *prima facia* case which is, that she is a member of a protected class, she suffered some sort of adverse employment action and the action occurred under circumstances which give rise to an inference of unlawful discrimination. Defendant then must articulate a legitimate non-discriminatory rationale for the adverse action. Plaintiff then must respond by citing evidence that the rationale is pretextual. This Court must consider the evidence in the light most favorable to Plaintiff. And in the pretextual phase, Plaintiff must point to some evidence, direct or circumstantial, which a fact-finder could reasonably either disbelieve the Defendant's legitimate reasons or believe more likely than not discrimination was the underlying motive or cause of Defendant's action. Plaintiff must demonstrate such weaknesses, implausibilities, inconsistencies or contradictions in the employer's legitimate reasons such that a reasonable fact-finder could rationally find those reasons incredible and the employer did not act on those non-discriminatory reasons.

Plaintiff may avoid Summary Judgment by pointing to some evidence that a fact-finder could reasonably conclude that the proffered reasons were fabricated. Plaintiff simply cannot argue that Defendant proffered legitimate explanation should be believed or that the Plaintiff must adduce evidence directly contradicting the Defendant's

7

explanations but to avoid Summary Judgment, the Plaintiff's evidence must allow a fact-finder to reasonably infer that the proffered reasons have been rebutted **Fuentes v. Perskie,** 32 F.3d.759 (3d Cir. 1994).

Plaintiff asserts that there is no doubt she has proved a *prima facia* case. She is a member of a protected class and she was terminated. The circumstances which give rise to an inference of unlawful discrimination are clear. The inference of unlawful discrimination is that within days of notifying management that she would be invoking her right to take FMLA leave to give birth to her child, she was terminated.

Plaintiff took over a target store which had a history of thefts, both internally and externally. Despite her requests for help, it was only after her final inventory and being robbed at gunpoint twice that any security measures were put in place. Additionally, despite the security concerns, the store was understaffed on a consistent basis.

The day Plaintiff was terminated, she called corporate Human Resources to inquire as to her Cobra benefits. She asked that the paperwork be mailed and faxed to her. Corporate's response was that they had ninety (90) days to mail it to her. She never received the paperwork (B18, 19). Approximately 2-3 weeks later, she called Rob Burke, a District Manager, to again inquire into Cobra benefits. He said that he would take care of it, however, she never received it (B27, 28).

Plaintiff has testified that from October of 2002 when she notified her immediate supervisor, Mr. Burke, that it appeared to her that she was more or less abandoned. The facts support her testimony. Defendant set upon a course of conduct to sabotage Ms. Schlifke in her role as manager that they would not be responsible for FMLA benefits, health care and her return to work.

The facts from which reasonable inferences may be made that Ms. Schlifke was discriminated against are the lack of adequate staffing, the lack of security, the indifference to her difficult pregnancy, her termination on the last day that she was to work before taking leave and the lack of providing Cobra benefits. The lack of Cobra benefits is most telling since it reflects the Defendant's attitude that it would in no way assist Ms. Schlifke. It is reflective of their attitude.

## **CONCLUSION**

Wherefore, for the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendant's Motion For Summary Judgment.

By _____
Joseph J Longobardi (Bar I.D. 2231)
Longobardi Law Office
1303 Delaware Avenue
Suite 105
Wilmington, DE 19806
(302) 575-1502 – Telephone
(302) 575-1506 – Facsimile
longobardilaw@comcast.net

*Attorney for Plaintiff, Kristie Marie Schlifke*

## UNITED STATES DISTRICT COURT
## OF THE DISTRICT OF DELAWARE

| | |
|---|---|
| **KRISTIE MARIE SCHLIFKE** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> ) <br> **COCONUTS MUSIC AND MOVIES** ) <br> **AND TRANS WORLD** ) <br> **ENTERTAINMENT CORPORATION,**) <br> ) <br> **Defendant.** ) <br> _____) | C.A. No. 1:05-cv-00620-SLR |

### CERTIFICATE OF SERVICE

I, Joseph J. Longobardi, III, hereby certify this 12th day of July, 2006, that the foregoing **REPLY BRIEF IN OPPOSITION OF DEFENDANT TRANS WORLD ENTERTAINMENT CORPORATIONS'S MOTION FOR SUMMARY JUDGMENT** was filed with the U.S. District Court District of Delaware via CD and paper submission and two (2) true and correct copies were mailed via 1st Class U.S. Mail, postage prepaid, to the following:

Tyler A. Brown, Esquire
Jackson Lewis LLP
8614 Westwood Center Drive, Suite 950
Vienna, VA 22182

Sarah E. DiLuzio, Esquire
Potter, Anderson & Corroon, LLP
Hercules Plaza, Sixth Floor
1313 North Market Street, P.O. Box 951
Wilmington, DE 19899-0951

**LONGOBARDI LAW OFFICE**

_____
**JOSEPH J. LONGOBARDI, III**
I.D. No.: 2231
1303 Delaware Avenue
The Plaza, Suite 105
Wilmington, DE 19806
302) 575-1502
**Attorney for Plaintiff**