UNITED STATES DISTRICT COURT
OF THE DISTRICT OF DELAWARE

| | |
|---|---|
| KRISTIE MARIE SCHLIFKE ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> COCONUTS MUSIC AND MOVIES ) <br> AND TRANS WORLD ) <br> ENTERTAINMENT CORPORATION, ) <br> ) <br> Defendant. ) <br> ) | C.A. No. 1:05-cv-00620-SLR |

## REPLY BRIEF IN SUPPORT OF DEFENDANT TRANS WORLD ENTERTAINMENT CORPORATION'S MOTION FOR SUMMARY JUDGMENT

OF COUNSEL:

Tyler A. Brown, Esquire
Jackson Lewis LLP
8614 Westwood Center Drive, Suite 950
Vienna, Virginia 22182
Telephone: (703) 821-2189
Facsimile: (703) 821-2267

Jennifer Gimler Brady (Bar I.D. #2874)
Sarah E. DiLuzio (Bar I.D. #4085)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, DE 19801
(302) 984-6000 - Telephone
(302) 658-1192 – Facsimile
jbrady@potteranderson.com – Email
sdiluzio@potteranderson.com - Email

*Attorneys for Trans World Entertainment Corporation*

Dated: July 21, 2006

# **TABLE OF CONTENTS**

**Page**

INTRODUCTION ...........................................................................................................................1

ARGUMENT ...................................................................................................................................1

I. SUMMARY JUDGMENT IS APPROPRIATE BECAUSE PLAINTIFF CANNOT MAKE OUT HER *PRIMA FACIE* CASE OF DISCRIMINATION ............................................................................................1

II. PLAINTIFF'S ARGUMENT REGARDING COBRA BENEFITS DOES NOT PROVE DISCRIMINATORY INTENT ......................................................2

III. PLAINTIFF'S ARGUMENTS ABOUT ALLEGEDLY INADEQUATE DISCOVERY RESPONSES ARE RED HERRINGS AND DO NOT RAISE GENUINE ISSUES OF MATERAL FACT ...............................................................................................2

IV. TRANS WORLD IS ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFF'S FMLA RETALIATION CLAIM ............................................................3

CONCLUSION ................................................................................................................................4

## INTRODUCTION

Plaintiff Kristie Schlifke's ("Plaintiff") Reply Brief in Opposition ("Opposition") to Defendant Trans World's ("Trans World") Motion for Summary Judgment raises no genuine issues of material fact. Instead, the Opposition merely repeats the same unpersuasive arguments Plaintiff made at her deposition and casts aspersions about Trans World's discovery responses. She still has no evidence of pretext that would show, or even tend to show, that her discharge was motivated in any way by her pregnancy. She cannot overcome the objective evidence which amply demonstrates she was a poor performer who was repeatedly warned about the consequences of continued sub-standard results. Therefore, Trans World is entitled to judgment as a matter of law.[1]

## ARGUMENT

### I.   SUMMARY JUDGMENT IS APPROPRIATE BECAUSE PLAINTIFF CANNOT MAKE OUT HER PRIMA FACIE CASE OF DISCRIMINATION

Plaintiff's Opposition raises no arguments to support her claim that allegedly inadequate security measures or staffing constitute adverse employment actions upon which a discrimination claim may be based. She also fails to explain how these situations occurred under circumstances giving rise to an inference of unlawful discrimination. Therefore, Plaintiff has failed to state a *prima facie* case of discrimination.

Indeed, Plaintiff's Statement of Facts makes it clear that the security and staffing problems upon which she relies existed *before* she took over management of the store and *before* she announced her pregnancy. Thus, she cannot claim, as she must, that Trans World treated her differently *because of* her pregnancy. This undisputed fact completely rebuts Plaintiff's claim that she was "abandoned" by her manager.

---

[1] Plaintiff's Opposition does not even try to rebut Trans World's arguments against her claim for intentional infliction of emotional distress. Accordingly, at a minimum, that cause of action should be dismissed.

1

II. **PLAINTIFF'S ARGUMENT REGARDING COBRA BENEFITS DOES NOT PROVE DISCRIMINATORY INTENT**

Plaintiff claims she was not provided the paperwork necessary to file for COBRA medical continuation. Assuming for the sake of argument this is true, it does nothing to prove that Trans World acted in a discriminatory manner towards Plaintiff. There is no evidence that Trans World denied COBRA benefits to Plaintiff intentionally, or that pregnant women are somehow singled out in this regard. Plaintiff undertook no discovery on this issue and has no evidence that her alleged failure to receive the paperwork was anything other than an administrative foul-up. There is no evidence that the decision-makers with regard to her discharge had anything to do with Plaintiff allegedly not receiving the appropriate COBRA forms. In fact, the opposite is true. *See* Supplemental Affidavit of Deb Markowitz-Best, ¶ 2.

III. **PLAINTIFF'S ARGUMENTS ABOUT ALLEGEDLY INADEQUATE DISCOVERY RESPONSES ARE RED HERRINGS AND DO NOT RAISE GENUINE ISSUES OF MATERAL FACT**

Plaintiff claims that she did not receive certain documents that were requested during the course of discovery and, without any foundation whatsoever, concludes that an adverse inference should be drawn from Trans World's alleged failures in this regard. If Plaintiff had done any discovery whatsoever into the Company's document retention practices, or even raised a single question about this issue with Trans World's counsel, she would have learned that the "missing" documents were unavailable due to the regular purging of documents in which any company engages from time to time.

Plaintiff calls into question the lack of emails by and between Plaintiff and her supervisor. Although some emails were saved at the time she filed her charge, emails delivered to the stores directly have no archive policy. Any email left in the system will purge itself after 30 days. For "remote users", such as Plaintiff's supervisor, e-mails are only

archived on the system for one year and then purged. *See* Supplemental Affidavit of Deb Markowitz-Best, ¶ 3.

Plaintiff requested copies of the target store binders, loss prevention binders, human resources binders, sales and cash receipts binders and the incident report binders for her store. As Plaintiff's Opposition correctly states, she was informed these documents do not exist. The relevant documents from 2002 and 2003 were lost or destroyed long before Plaintiff's request in March 2006. Generally speaking, such documents are destroyed after a year. *See* Supplemental Affidavit of Deb Markowitz-Best, ¶ 4. Plaintiff's charge of discrimination mentioned nothing about these documents and, therefore, there would have been no reason Trans World would have been on notice to keep them for use in any future litigation.

Plaintiff claims that without these documents, she "is precluded from objectively assessing the subjective reports of her superiors which led to her termination." Plaintiff is missing the point. Plaintiff was discharged for the most objective of reasons: her continued failure to improve the shrink results for her store. *See* original affidavit of Deb Markowitz-Best, ¶ 15. The documents Plaintiff is now complaining of would do nothing to rebut her own poor performance.[2] Plaintiff has made no showing of how the missing documents would show or tend to show discriminatory animus on the part of Trans World. Under these circumstances, drawing any adverse inferences is unwarranted and unjustified.

## IV.   TRANS WORLD IS ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFF'S FMLA RETALIATION CLAIM

Plaintiff makes no new arguments in support of her FMLA retaliation case. She again claims that she was discharged within days of telling her supervisor that she was

---

[2] Moreover, if these documents were so critical to Plaintiff's case, one would have expected Plaintiff's counsel to make some further inquiry or to challenge Trans World's proper objections about relevancy. Other than sending the initial document request, Plaintiff's counsel did nothing.

going to be taking leave. For all the reasons stated in Trans World's Opening Brief, this argument fails. Principally, temporal evidence is not sufficient, in and of itself, to support a retaliation claim. Moreover, the decision-maker did not know of Plaintiff's impending leave. For all these reasons, Plaintiff's FMLA retaliation case should be dismissed.

## CONCLUSION

Wherefore, for the foregoing reasons, Trans World Corporation respectfully requests that this Court grant its Motion for Summary Judgment, and dismiss all of Plaintiff's claims with prejudice.

POTTER ANDERSON & CORROON LLP

By: /s/ Jennifer Gimler Brady
Jennifer Gimler Brady (Del. 2874)
Sarah E. DiLuzio (Del. 4085)
Hercules Plaza, Sixth Floor
1313 North Market Street
P.O. Box 951
Wilmington, DE 19899
(302) 984-6000 – Telephone
jbrady@potteranderson.com – Email
sdiluzio@potteranderson.com - Email

*Attorneys for Trans World Entertainment Corporation*

OF COUNSEL:

Tyler A. Brown, Esquire*
Jackson Lewis LLP
8614 Westwood Center Drive, Suite 950
Vienna, Virginia 22182
Telephone: (703) 821-2189
Facsimile: (703) 821-2267

* Admitted *Pro Hac Vice*

Dated: July 21, 2006

4

## CERTIFICATE OF SERVICE

I, Jennifer Gimler Brady, hereby certify this 21st day of July, 2006, that the foregoing **REPLY BRIEF IN SUPPORT OF DEFENDANT TRANS WORLD CORPORATION'S MOTION FOR SUMMARY JUDGMENT** was electronically filed with U.S. District Court District of Delaware via CM/ECF (Official Court Electronic Document Filing System) and one (1) true and correct copy was mailed via **FIRST CLASS U.S. MAIL, POSTAGE PREPAID** on the following:

>Joseph J. Longobardi, III, Esq.
>Longobardi Law Office
>1303 Delaware Avenue
>The Plaza, Suite 105
>Wilmington, Delaware 19806

>*/s/ Jennifer Gimler Brady*
>Jennifer Gimler Brady (No. 2874)
>Hercules Plaza – Sixth Floor
>1313 North Market Street
>Wilmington, DE 19801
>(302) 984-6042 (Telephone)
>(302) 658-1192 (Facsimile)
>jbrady@potteranderson.com (Email)